<u>APPELLATE DIVISION</u>

| | | |
|---|---|---|
| PENNY'S STORE, | ) | |
| Plaintiff, | ) | CONSOLIDATED APPEALS |
| vs. | ) | NOS. 86-9026 |
| | ) | 86-9028 |
| JESUS TAISACAN, | ) | |
| Defendant. | ) | |
| J.C. TENORIO ENTERPRISES | ) | OPINION |
| Plaintiff, | ) | |
| vs. | ) | |
| ANA A. CAMACHO | ) | |
| Defendant. | ) | |

BEFORE: LAURETA, DUENAS, FITZGERALD[*], District Judges

DUENAS, District Judge:

FOR PLAINTIFFS-APPELLANTS:

> WHITE, NOVO-GRADAC and THOMPSON, P.C.
> P. O. Box 222 CHRB
> Saipan, CM 96950
> BY: MR. MICHAEL A. WHITE
> Attorney at Law

---

[*]The Honorable James M. Fitzgerald, District Judge, U.S. District Court, District of Alaska, sitting by designation.

These appeals are consolidated as both raise the identical issue, did the trial court err, as a matter of law, in computing statutory damages under the Bad Checks Act of 1984, 7 CMC Div. 1 Ch. 4, Art. 4 (hereinafter the "Bad Checks Act"). Penny's Store v. Taisacan, No. 86-9026, raises the additional issue whether the trial court erred, as a matter of law, in the manner of computing statutory attorney's fees under Section 2442(a) of the Bad Checks Act.[1]

## FACTS

### Penny's Store v. Taisacan, No. 86-9026

Between December 22, 1984 and January 18, 1985, defendant Jesus Taisacan (hereinafter "Taisacan") drew a series of 12 checks, payable to Penny's; all were returned unpaid, marked "not sufficient funds." In accordance with 6 CMC §1704(c) and 7 CMC §2442 Penny's made demand by certified letter that payment on the checks be made within thirty days. On April 28, 1986, more than 30 days from the mailing and receipt of the certified letters, Taisacan paid $500.00.

Penny' filed a complaint seeking statutory treble damages and attorneys fees in the respective sums of $2101.69 and $1,500.00. Taisacan having failed to appear, Penny's moved the trial court for the entry of default and a default judgment. Without a hearing on the issue of damages and attorney's fees the court rendered a default judgment awarding damages in the amount of $1,775.09 and $250.00 in attorney's fees. The court found:

56

The attorney's fee is awarded not on the basis of how many checks were contained in the case but on the basis of what is reasonable in the case. The court interprets the Bad Checks Act to mean that the plaintiff is entitled to attorney's fees if an attorney files an action for a particular check. Where several checks are included in one action, the plaintiff is entitled to only one attorney's fee for that action.

J.C. Tenorio Enterprises v. Camacho, No. 86-9028

Between September 21 and 25, 1985, J.C. Tenorio cashed or accepted 14 checks drawn by Camacho. Each of the checks were returned unpaid marked "insufficient funds."

Pursuant to 6 CMC §1704(c) and 7 CMC §2442, certified letters were sent to Camacho demanding payment of the checks within the statutory 30-day period. No payments were made on the checks.

Thereafter suit was filed and process served on Camacho who neither answered nor otherwise plead. J.C. Tenorio moved for the entry of default and for a default judgment as prayed for in the complaint. The trial court entered the default and granted a default judgment for the principal amount prayed for in the complaint together with statutory damages, but reduced J.C. Tenorio's attorney's fees from $1,750.00, as demanded, to $250.00 finding that:

The counsel for Plaintiff is requesting attorney's fees in the sum of $1,750.00. Taking into consideration the fact that the Defendant has been defaulted and the only work the attorney has done in this case is to file the complaint and the motion for entry of default and default judgment,

57

the court is of the opinion that attorney's fees in the sum of $1,750.00 in this case is grossly unfair, unreasonable and unconscionable. The purpose of the Bad Checks Act of 1984 is to compensate the payee for the amount of the bounced check, expenses related thereto, and reasonable attorney's fees. The purpose of the statute is not to punish the maker nor to overpay the attorney in a case.

## ANALYSIS

### Standard of Review

Questions of law are reviewed under the non-deferential de novo standard. United States v. McConney, 728 F.2d 1195 (9th Cir.), cert. denied, 105 S.Ct. 101 (1984).

### Attorney's Fees Under the Bad Checks Act

Both Plaintiffs-Appellants brought suit, after the requisite notice period, to collect damages pursuant to Section 2442 (a). J.C. Tenorio sought the minimum attorneys fees to which it was entitled by statute, $125.00 per check for a total of $1,750.00. Instead, the trial court awarded attorney's fees in the amount of $250.00. Penny's also sought the minimum attorneys fees to which it was entitled by statute, $125.00 per for for a total of $1,500.00.

The Bad Checks Act of 1984, codified at 7 CMC Div. 2, Chapter 4, Article 4, Section 2442(b), provides in pertinent part:

> In any action brought by the payee after the notice period required to collect any sum pursuant to subsection (a) of this section..., the payee shall be entitled to reasonable attorneys fees as the court may deem satisfactory; provided that attorneys fees awarded in respect of each check

**58**

shall be not less than $125.00 nor more than $250.00 with respect to each instrument.

A fundamental principle of statutory construction is:

> A] statute, clear and unambiguous on its face, need not and cannot be interpreted by a court and that only statutes which are of doubtful meaning are subject to the process of statutory interpretation. 2A Singer, <u>Sutherland Statutory Construction</u>, 645.02 (4th Ed.).

The CNMI legislature twice commented that a plaintiff under the Bad Checks Act is entitled to attorney's fees for each check and is entitled to a minimum and restricted to a maximum attorney's fees for each such instrument.

The trial court's reasoning that the Bad Checks Act is no compensate the payee not to punish the maker controvenes the intent of the legislature which is to discourage and penalize makers of bad checks.

> [T]he imposition of treble damages and mandatory award of attorneys' fees will discourage check writers from uttering fraudulent check or checks without sufficient funds. Standing Committee Report No. 4-56 at 2.

The language of the statute is clear. "In respect to each ... check" courts shall award "not less than $125.00 nor more than $250.00 with respect to each instrument." The trial court's interpretation of the statute is clearly erroneous. Both cases are reversed with instructions to enter judgment for attorney's fees in <u>Penny's Store v. Taisacan</u>, No. 86-9026, in the sum of $1,500.00 and in <u>J.C. Tenorio v. Camacho</u>, No. 86-9028, in the sum of $1,750.00.

59

## Statutory Damages

Penny's raises the additional issue on appeal of the application of the $500.00 payment by Taisacan. The trial court applied the $500.00 to the principal. Penny's urges that the $500.00 payment made after the running of the 30-day period should be deducted from the treble damages to which the payee is entitled and not against the face value of the checks themselves.[2]

The trial court found:

> IT IS HEREBY ADJUDGED that plaintiff shall have and take judgment over and against the defendant for the principle sum of $1,775.09, plus $250 of attorney's fees, plus $45.00 of court cost and interest on the total judgment at the rate of 9% per year commencing on the date of this judgment.

Section 2442(a):

> Any person who makes, utters, draws or delivers any check, payment of which is refused or dishonored due to lack of funds or credit to pay,...and who fails to pay to the payee the amount thereof within thirty days following a written demand...mailed to the maker by certified mail...shall be liable to the payee...

In computing the above judgment, the court first deducted the $500.00 by eliminating the checks marked Exhibits A, B, C, D. and $2.00 of the check marked Exhibit E. The court's interpretation of the Bad Checks Act of 1984 is that any partial payment on the check shall be deducted first before the unpaid balance is tripled to determine the treble damages. The principle amount in the judgment is arrived at by deducting the $500.00 and then multiplying the unpaid balance times three.

**60**

The Bad Checks Act was enacted to deter and penalize these who issue fraudulent checks. The language of the act is clear. If a payor issues a bad check and the payee makes the requisite demand the payor of the check must pay the full amount of the check within 30 days or be liable to the payee for statutory damages as specified therein.

Instead of awarding $2,101.69 the trial court awarded Penny's $1,775.09. As noted earlier the court computed Penny's damages by eliminating exhibits A through D, inclusive and $2.00 of Exhibit E, then calculated the treble damages based on Exhibits F through L and Exhibit D less $2.00.

The Bad Checks Act is not ambiguous. Any payments made after the 30-day statutory notice period should be applied against the statutory damages.

> If the payee does not make this payment within the allotted time, the amount owing shall accrue interest at the rate of 12% or in the alternative the payee may recover treble damages. House Standing Committee Report No. 4-56 at 2.

The trial court's interpretation of the Bad Checks Act that partial payment on the check after the thirty day statutory period shall be deducted first before the unpaid balance is trebled contraverts the letter and spirit of the Act. Penny's is entitled to $2,603.39.[3]

Both Penny's Store v. Taisacan, D.C.A. 86-9026, and J.C. Tenorio v. Camacho, D.C.A. 86-9028 are reversed and remanded with instructions to enter judgment in favor of plaintiffs-appellants in the amounts demanded.

ALFRED LAURETA, District Judge

CRISTOBAL C. DUENAS, District Judge

JAMES M. FITZGERALD, District Judge

1/ Default Judgments were rendered in both cases. Neither defendants appeared on appeal.

2/ Penny's calculates its damages as follows:

| Exhibit No. | Amount of Check | Statutory Damages Claimed |
|---|---|---|
| A | $125.00 | $375.00 |
| B | 33.00 | 99.00 |
| C | 299.00 | 750.00 |
| D | 15.00 | 50.00 |
| E | 30.00 | 90.00 |
| F | 17.15 | 51.45 |
| G | 38.00 | 114.00 |
| H | 45.00 | 135.00 |
| I | 17.00 | 51.00 |
| J | 30.98 | 92.94 |
| K | 16.10 | 48.30* |
| L | 399.00 | 750.00 |

| | |
|---|---|
| Subtotal | $2,601.69 |
| Partial Payment | − 500.00 |
| | $2,101.69 |

3/ The difference of $1.30 is based on the statutory minimum of $50.00 which was not applied to Exhibit K.